**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-1511**

ROLAND E. WILLIAMS,

Plaintiff - Appellant,

versus

IRONWORKERS LOCAL 16 PENSION FUND; BOARD OF
TRUSTEES OF THE IRONWORKERS LOCAL 16 TRUST
FUNDS,

Defendants - Appellees.

Appeal from the United States District Court for the District of
Maryland, at Baltimore.  Andre M. Davis, District Judge.  (CA-04-
1417-AMD)

Argued:  March 14, 2006                  Decided:  April 28, 2006

Before LUTTIG, WILLIAMS, and TRAXLER, Circuit Judges.

Reversed by unpublished per curiam opinion.  Judge Traxler wrote an
opinion concurring in the judgment.

**ARGUED:** Strider Lee Dickson, DLA PIPER RUDNICK GRAY CARY US,
L.L.P., Baltimore, Maryland, for Appellant.  Francis Jude
Martorana, O'DONOGHUE & O'DONOGHUE, Washington, D.C., for
Appellees.  **ON BRIEF:** Glen K. Allen, DLA PIPER RUDNICK GRAY CARY
US, L.L.P., Baltimore, Maryland, for Appellant.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Appellant, Roland Williams, began working for employers that contributed to appellee, the Ironworkers Local 16 Pension Fund, beginning in 1969. J.A. 375. Williams worked intermittently for employers contributing to the Fund until 1990 when he suffered a severe knee injury while working for one such employer. Id. at 376.

In 1990, Williams made a "request[]" to the Fund for "verification of pension of vested time from 1969 to 1983." Id. at 270. Several months later, the Fund informed Williams that he "was not vested" because he "had a permanent break in service as of 1981." Id. at 272. The Fund denied Williams' appeal. Id. at 277. In 1996, Williams filed a claim for benefits with the Fund. See id. at 281-82. The Fund "found insufficient documentation to support [Williams'] assertion that [he] ha[d] a vested benefit" and denied his claim. Id.

In 2003, Williams again made a claim for benefits from the Fund. Id. at 293-96. In response, the Fund considered the merits of the claim and again concluded that Williams had no vested benefit. Id. at 298-302. Even though the Fund was of the opinion that Williams "has already been provided two opportunities to appeal and the Fund is not obligated to consider multiple appeals on the same issue," id. at 298, it permitted Williams to appeal the initial decision denying him benefits while claiming not to

"concede or imply" that Williams has "standing to appeal" in light of its view that Williams had already exhausted his right to appeal. Id. at 301-02. Williams appealed. Id. at 305-08. On appeal, the Fund considered the merits of Williams' claim and denied his appeal in 2004. Id. at 310-14.

After the Fund's 2004 denial of benefits, Williams filed this action in the district court pursuant to ERISA section 502(a)(1) to recover benefits allegedly due him under the terms of the Ironworkers Local 16 Pension Fund Plan. Id. at 5-10; see also 29 U.S.C. § 1132(a)(1) (allowing participants or beneficiaries to bring civil actions to recover benefits due under the terms of a plan). The district court granted summary judgment to the Fund, holding that "Williams's claim is barred by the applicable statute of limitations." Id. at 12. The district court reasoned that Williams "initiated his pursuit of pension benefits in 1996 when he sought early retirement benefits from the Pension Fund." Id. at 15. Accordingly, it concluded that the statute of limitations began to run upon the exhaustion of the Fund's review processes in 1996, which conclusion rendered Williams' 2004 suit time-barred. Id.

ERISA does not contain a statute of limitations applicable to private actions for benefits, so this court "look[s] to state law for an analogous limitation provision to apply." Dameron v. Sinai Hosp. of Baltimore, Inc., 815 F.2d 975, 981 (4th Cir. 1987).

Williams' claim for denial of benefits is analogous to a state-law claim for breach of contract. See id. The Maryland statute of limitations for breach of contract is three years. Md. Code Cts. & Jud. Proc. § 5-101. This court has held that "[a]n ERISA cause of action does not accrue until a claim of benefits has been made and formally denied." Rodriguez v. MEBA Pension Trust, 872 F.2d 69, 72 (4th Cir. 1989). Thus, the statute of limitations on Williams' cause of action began to run on the date of the relevant formal denial of benefits.

While it is undisputed that a cause of action accrued upon the Fund's denial of Williams' 1996 claim for benefits, to decide whether this suit is time-barred we must decide whether a new and distinct cause of action accrued with the Fund's denial of benefits in 2004. Because the accrual of a cause of action hinges on the fact of claim and denial, see id., and because the 1996 claim and denial and the 2004 claim and denial were, in fact, distinct events, a new cause of action accrued with the Fund's denial of benefits in 2004. Williams' suit is based on the 2004 claim and denial, J.A. 7, so the statute of limitations applicable to this suit began to run when the Fund formally denied Williams' claim in 2004. Williams' suit for denied benefits was filed well within three years of the accrual of the relevant cause of action.

The Fund's handling of Williams' claims confirms the fact that the 1996 claim and denial were separate from the 2004 claim and

denial. Williams submitted one claim for benefits in 1996, and the Fund considered the merits of Williams' claim and formally denied it. Williams submitted another claim for benefits in 2003, and the Fund again considered the merits of Williams' claim and formally denied it. Although the Fund repeatedly made assertions to the effect that it had already decided the issue presented by the 2003 claim, see, e.g., id. at 298, 301, it proceeded to (re)consider the merits of Williams' later claim in the first instance and on appeal, id. at 298-302, 310-314. By considering the merits of Williams' 2003 claim for benefits, the Fund treated that claim as a separate claim for benefits. Also, the Fund, after denying Williams' appeal in 2004, notified him of his right to bring suit in federal court. Id. at 314.

Against this conclusion, the Fund argues that a single cause of action accrued in 1996 since the claims and formal denials are actually the same due to the fact that the Fund made identical determinations on the merits of the two claims. Because a worker must be "vested" with the Plan to receive retirement benefits of any kind, if it was true that Williams did not have "a vested benefit," as the Fund concluded in 1996, id. at 281, it was not possible that Williams would be entitled to benefits in 2003, having not worked any creditable time since 1990. The Fund's argument focuses on the reason for the denial rather than on the fact of claim and formal denial. However, the identity of the

Fund's reasons for denying benefits on the merits in 1996 and 2004 does not change the fact that the claim and formal denial of benefits in 1996 comprised a separate event from the claim and formal denial of benefits in 2004. And, our cases key the accrual of an ERISA cause of action and, thus, the statute of limitations, to the fact of claim and formal denial. See Rodriguez, 872 F.2d at 72.

For the reasons stated herein, the judgment of the district court is reversed.

REVERSED

TRAXLER, Circuit Judge, concurring in the judgment:

I agree that the district court erred in granting summary judgment in favor of the Fund on statute of limitations grounds and that the decision should be reversed. I write separately, however, because I do not believe that a new cause of action governed by a fresh statute of limitations necessarily accrues every time a claim is filed and denied. If a claim for benefits was made and denied and no federal court action was filed within the applicable statute of limitations, the claimant should not be able to revive his right to sue simply by filing another claim seeking the very benefits that previously had been denied. I do not believe that the holding of Rodriguez v. MEBA Pension Trust, 872 F.2d 69 (4th Cir. 1989), would compel such a result.

In this case, however, as the district court noted, Williams' prior claim was for early retirement benefits. The claim at issue in this appeal is for regular retirement benefits and thus is separate and distinct from the 1996 claim for benefits. Under Rodriguez, the statute of limitations on Williams' claim for regular retirement benefits began to run when the Fund denied that claim in 2004. See id. at 72. Accordingly, Williams' action was timely filed, and the district court erred by dismissing it on statute of limitations grounds.